09-5103-cv
Dauphinais v. Cunningham

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of October, two thousand ten.

PRESENT:  ROGER J. MINER,
               BARRINGTON D. PARKER,
               REENA RAGGI,
                   *Circuit Judges.*

-----------------------------------------------------------------

DOUGLAS H. DAUPHINAIS,
                 *Plaintiff-Appellant,*

       v.                                    No. 09-5103-cv

DONALD H. CUNNINGHAM, I/O HANSON-WHITNEY & SBC, *et al*.,
                 *Defendants-Appellees,*

PHILIP L. STEELE, *et al*.,
                 *Defendants.*

-----------------------------------------------------------------

APPEARING FOR APPELLANT:        DOUGLAS H. DAUPHINAIS, pro se, Ocala, Florida.

FOR APPELLEES:                   Todd W. Whitford, Howard, Kohn, Sprague & Fitzgerald, Hartford, Connecticut.

Appeal from the judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 3, 2009, is AFFIRMED.

Pro se plaintiff Douglas H. Dauphinais, whose complaint against defendants was dismissed, appeals from so much of the judgment as was entered in favor of defendants Philip L. Steele, Stephen C. Lattanzio, and Shaun B. Cashman pursuant to Fed. R. Civ. P. 12(b)(6), as well as the denial of his motions for appointment of counsel, entry of default judgments, and a pretrial conference. We assume the parties' familiarity with the facts and proceedings below, which we reference only as necessary to explain our decision to affirm.

1.    Dismissal

We review a Rule 12(b)(6) dismissal de novo. See Chase Grp. Alliance LLC v. N.Y.C. Dep't of Fin., --- F.3d ----, ----, 2010 WL 3547606, at *3 (2d Cir. Sept. 14, 2010). Like the district court, we conclude that Dauphinais's September 22, 2008 complaint must be dismissed against Steele, Lattanzio, and Cashman because the slander claim is barred by the two-year statute of limitations, see Conn. Gen. Stat. § 52-597, and the tortious interference with business relations claim is barred by the three-year statute of limitations, see Conn. Gen. Stat. § 52-577. Likewise, Dauphinais's civil racketeering claim against these defendants, see 18 U.S.C. §§ 1961-1968, is barred by the four-year statute of limitations that began to run in 1993 or 1994 when Dauphinais alleges that he first discovered the alleged

2

civil racketeering scheme. McLaughlin v. Am. Tobacco Co., 522 F.3d 215, 233 (2d Cir. 2008). In any event, Dauphinais's civil racketeering claim fails because the facts alleged, even when liberally construed, fail to demonstrate a "pattern of racketeering activity" as required by 18 U.S.C. § 1962. See Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 183 (2d Cir. 2008). Meanwhile, Dauphinais's claim under the Connecticut Corrupt Organization and Racketeering Activities Act ("CORA"), Conn. Gen. Stat. § 53-393 et seq., was properly dismissed because that criminal statute does not provide a private civil cause of action. See Metro Square, LLC v. Pettingill, No. CV 950148987S, 1997 WL 176350, at *2-3 (Conn. Super. Ct. Apr. 3, 1997); see also Provencher v. Enfield, 284 Conn. 772, 777, 936 A.2d 625, 629 (2007) ("[T]here exists a presumption in Connecticut that private enforcement does not exist unless expressly provided in a statute.").

2.      Appointment of Counsel

We review the denial of a motion to appoint counsel for abuse of discretion, see Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 200 (2d Cir. 2003), mindful that a district court, in considering such a motion, "should first determine whether [a litigant's] position was likely to be of substance," Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989) (internal quotation marks omitted). "Even where the claim is not frivolous, counsel is often unwarranted where the [litigant's] chances of success are extremely slim." Id. (internal quotation marks omitted). Because we conclude that the district court correctly determined, as a matter of law, that Dauphinais's complaint could not succeed, we identify

3

no abuse of discretion in its refusal to appoint counsel. No other conclusion is warranted by the district court's failure to consider other factors cited by Dauphinais on appeal as none would have altered the decision to dismiss.

### 3. Motions for Default Judgments

Nor do we identify abuse of discretion in the denial of Dauphinais's motions for entry of default judgments. See Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999). Dauphinais did not file a proof of service of the summons and complaint as to any defendant. Moreover, defendants timely appeared prior to adjudication of Dauphinais's December 2008 motion for default and either answered or moved to dismiss the complaint prior to his March 2009 motions for default. In these circumstances, the district court acted within its discretion in declining to enter default judgments.

### 4. Pretrial Conference

Dauphinais submits that the district court erred in declining to hold a pretrial conference in order to resolve a discovery dispute. "[T]he federal rules give district courts broad discretion to manage the manner in which discovery proceeds," In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69 (2d Cir. 2003), and we review discovery rulings for abuse of discretion, see In re Agent Orange Prod. Liability Litig., 517 F.3d 76, 102 (2d Cir. 2008). We identify no basis in the record to conclude that the district court abused its discretion here.

We have considered Dauphinais's other arguments on appeal and conclude that they are without merit. Accordingly, the December 3, 2009 judgment is hereby AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court